OSCN Found Document:DISCIPLINARY RULES OF STATE BD. OF EXAMINERS OF CERTIFIED COURTROOM INTERPRETERS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 DISCIPLINARY RULES OF STATE BD. OF EXAMINERS OF CERTIFIED COURTROOM INTERPRETERS
2015 OK 3
Decided: 01/12/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 3, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL 
RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 



IN RE: DISCIPLINARY RULES OF THE STATE BOARD OF EXAMINERS OF 
CERTIFIED COURTROOM INTERPRETERS


ORDER
The Supreme Court of Oklahoma hereby adopts the Disciplinary Rules of the 
State Board of Examiners of Certified Courtroom Interpreters, submitted to this 
Court with the unanimous approval of the Board of Examiners of Certified 
Courtroom Interpreters and set out in the attachment hereto. These rules shall 
be codified as Rules 1 - 11 in a new appendix to Chapter 23 of Title 20 of the 
Oklahoma Statutes which concerns courtroom interpreters and translators.
DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 12th DAY OF JANUARY, 
2015.

/S/CHIEF JUSTICE

REIF, C.J., COMBS, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, COLBERT, and 
GURICH, JJ., concur.
TAYLOR, J., dissents.
 


 
TITLE 20 - Courts
CHAPTER 23 - Certified Courtroom Interpreters
Appendix 3 - Rules Governing Disciplinary Proceedings of the State Board 
of Examiners of Certified Courtroom Interpreters 
Rule 1. Persons to Whom Rules Apply
Rule 2. Grounds for Discipline
Rule 3. Administrative Suspension and Revocation
Rule 4. Complaints
Rule 5. Formal Proceedings, How Commenced
Rule 6. Disciplinary Hearings
Rule 7. Transmittal of Recommendation and Review by Supreme Court
Rule 8. Resignation Pending Disciplinary Proceedings
Rule 9. Reinstatement After Formal Disciplinary Proceedings
Rule 10. Reinstatement After Administrative Revocation
Rule 11. Immunity
TITLE 20, CHAPTER 23
Appendix 3 - Rules Governing Disciplinary Proceedings of the State Board 
of Examiners Certified Courtroom Interpreters
Rule 1. Persons to Whom Rules Apply
a) These rules shall apply to all persons who are enrolled as Certified or 
Registered Courtroom Interpreters, or who have been granted the temporary 
credential of Provisional Status Interpreters under the rules of the Board of 
Examiners of Certified Courtroom Interpreters (hereinafter "the Board") (20 O.S. 
Ch. 23, App. 2). All of the foregoing persons are collectively referred to in 
these rules as "interpreters" or "courtroom interpreters" and use herein of the 
terms "certificate" or "enrollment" shall also collectively refer to a court 
interpreter's status as a Certified Courtroom Interpreter or Registered 
Courtroom Interpreter or other official authorization to practice court 
interpreting in Oklahoma.
b) The Board designates and authorizes the Director of the Administrative 
Office of the Courts to receive and accept on behalf of the Board any notice, 
submission or other correspondence referenced in these Rules.
Rule 2. Grounds for Discipline
Upon receiving a complaint, or as otherwise hereafter provided, the Board 
shall conduct proceedings, on reasonable notice, the object of which is to 
recommend to the Supreme Court discipline of any courtroom interpreter, where it 
shall be determined there exists any of the following grounds:
a) Final conviction of a criminal offense which indicates a clear and 
rational likelihood that the interpreter will not properly discharge the 
responsibilities of a certified courtroom interpreter;

 
 1) As used in this Rule, "criminal offense" shall include, but is not 
 limited to i) any felony, ii) any lesser crime that reflects adversely on 
 the interpreter's honesty, trustworthiness or fitness to practice court 
 interpreting, and/or iii) any crime a necessary element of which, as 
 determined by the statutory or common law definition of the crime, involves 
 interference with the administration of justice, false swearing, 
 misrepresentation, fraud, deceit, bribery, extortion, misappropriation, 
 theft, or an attempt, conspiracy or solicitation of another to commit a such 
 an offense.
 2) As used in this Rule, a final conviction includes a plea of guilty or 
 nolo contendere pursuant to a deferred sentence plea agreement, a verdict or 
 finding of guilt, or pronouncement of sentence by a trial court even though 
 that conviction may not be final or sentence may not be actually imposed 
 until all appeals are exhausted.
b) The misrepresentation of any fact in obtaining certification;
c) Any 
violation of, or noncompliance with any rule or directive of the Supreme Court, 
including but not limited to the Code of Professional Responsibility for 
Interpreters in the Oklahoma Courts;
d) Fraud, gross incompetence, gross or 
habitual neglect of duty;
e) Misrepresentation of certification level or 
status while engaging in the practice of courtroom interpreting or translating 
in an Oklahoma court; or
f) Engaging in the practice of courtroom 
interpreting in an Oklahoma court while certification is suspended.
Rule 3. Administrative Suspension and Revocation
Administrative suspension and revocation of an interpreter for nonpayment of 
certificate renewal fees or failure to meet continuing education requirements 
shall be as provided in the Rules of the State Board of Examiners of Certified 
Courtroom Interpreters. The formal disciplinary procedures provided for by these 
rules have no application to suspensions and revocations based solely on 
nonpayment of renewal fees or failure to meet continuing education 
requirements.
Rule 4. Complaints
a) The procedure for filing a complaint against a Certified Courtroom 
Interpreter or a Registered Courtroom Interpreter and the investigation of such 
complaint shall be as follows:

 
 1) The Board shall furnish forms for a request for investigation to each 
 person who alleges misconduct of an interpreter. Each complaint shall be in 
 writing, although not necessarily in the prescribed form, and signed by the 
 complainant. A complaint may be filed by any person, including another 
 interpreter, who has knowledge or information of misconduct of an 
 interpreter. The Board may initiate a complaint upon its own motion.
 2) A complaint shall be filed with the Secretary of the Board, who shall 
 transmit copies to all members of the Board. The Board shall conduct 
 preliminary investigation to determine whether there are facts sufficient to 
 warrant formal disciplinary proceedings.
 i) The Board may solicit additional information from the 
 complainant.
ii) The Board may interview or subpoena potential 
 witnesses.
iii) The Board shall inform the interpreter involved of the 
 nature of the complaint and afford the interpreter an opportunity to respond 
 thereto in writing.
 3) At the discretion of the Board, in order to speed the consideration 
 and determination of complaints and controversies which may not justify or 
 require more formal proceedings, the Board may hold an informal conference 
 with the party or parties affected. Thereafter the Board as a body, or any 
 designated member, or representative thereof, shall attempt to resolve the 
 controversy in an equitable manner. Such proceedings shall be without 
 prejudice to the right of the Board thereafter to conduct formal 
 disciplinary proceedings covering the same or related subject matter as set 
 forth in Rule 5 and Rule 6 herein.
 4) Should the Board determine that formal disciplinary proceedings are 
 not warranted, the complainant and the interpreter involved shall be 
 promptly notified of such determination by the Secretary of the Board. Such 
 determination may be appealed by the complainant by filing a Petition for 
 Review with the Clerk of the Supreme Court not more than thirty (30) days 
 from the date of the Board's decision. Such petition shall be processed by 
 the Court as in other appeals from recommendations of the Board as 
 hereinafter provided.
 5) Should the Board determine that formal disciplinary proceedings are 
 warranted, the Secretary of the Board shall prepare a formal complaint, as 
 set forth in Rule 5.
b) The procedure for filing a complaint against a Provisional Status 
Interpreter and the investigation of such complaint shall be as follows:

 
 1) The Board shall furnish forms for a request for investigation to each 
 person who alleges misconduct of a Provisional Status Interpreter. Each 
 complaint shall be in writing, although not necessarily in the prescribed 
 form, and signed by the complainant. A complaint may be filed by any person, 
 including another interpreter, who has knowledge or information of 
 misconduct of a Provisional Status Interpreter. The Board may initiate a 
 complaint upon its own motion.
 2) A complaint shall be filed with the Secretary of the Board, who shall 
 transmit copies to all members of the Board. The Board shall conduct an 
 investigation to determine whether there are facts sufficient to warrant 
 disciplinary action.
 i) The Board may solicit additional information from the 
 complainant.
ii) The Board may interview or subpoena potential 
 witnesses.
iii) The Board shall inform the interpreter involved of the 
 nature of the complaint and afford the interpreter an opportunity to respond 
 thereto in writing.
 3) Formal disciplinary proceedings are not required in complaints against 
 Provisional Status Interpreters. Provisional Status Interpreters are not 
 enrolled, they do not hold an official certification, and the amount of time 
 an interpreter may hold provisional status is limited as provided in Rule 
 2(c) of the Rules of Board of Examiners of Certified Courtroom 
 Interpreters.
 4) Upon receipt of a complaint regarding a Provisional Status 
 Interpreter, the Board may hold an informal conference with the party or 
 parties affected. Thereafter the Board as a body, or any designated member, 
 or representative thereof, shall attempt to resolve the controversy in an 
 equitable manner. Such proceedings shall be without prejudice to the right 
 of the Board thereafter to conduct a formal hearing covering the same or 
 related subject matter generally following the requirements and order of 
 proceedings set forth in Rule 6 herein.
 5) Should the Board determine that disciplinary action is not warranted, 
 the complainant and the interpreter involved shall be promptly notified of 
 such determination by the Secretary of the Board.
 6) Disciplinary action against a Provisional Status Interpreter shall 
 consist of immediate removal from the Provisional Interpreter registry and 
 revocation of the interpreter's provisional status. The Board may recommend 
 that the Supreme Court remove a Provisional Status Interpreter from the 
 registry and revoke the interpreter's provisional status if the Board 
 determines that such action would be in the best interest of the courts.
 7) Should the Board determine that removal of a Provisional Status 
 Interpreter from the registry is warranted, the Board shall make a written 
 recommendation to the Supreme Court to immediately remove the Provisional 
 Status Interpreter from the Provisional Interpreter registry, based upon the 
 information gathered during its investigation as provided above. The 
 complainant and the interpreter involved shall be promptly notified of such 
 determination by the Secretary of the Board.
 8) Upon submission of the Board's recommendation, the Board's 
 recommendation shall stand submitted to the Supreme Court which may, in its 
 sole discretion, adopt or reject such recommendations in whole or in part, 
 remand with instructions, or make such other disposition as the Supreme 
 Court may deem proper, with or without oral argument or formal written 
 opinion. Either party aggrieved by the decision of the Supreme Court may 
 make application for rehearing as provided by the Rules of the Supreme 
 Court.
c) The Board shall obtain legal assistance from the Office of the Attorney 
General in investigating and processing complaints and conducting formal 
disciplinary proceedings, reinstatements after formal disciplinary proceedings, 
and any appeals related to such matters. The Office of the Attorney General is 
authorized to provide counsel and legal representation to the Board as is 
necessary to investigate and process complaints and to prepare and prosecute 
formal disciplinary proceedings, reinstatements after formal disciplinary 
proceedings, and related appeals authorized by these Rules.
Rule 5. Formal Proceedings, How Commenced
a) Upon an affirmative vote of the Board to commence formal disciplinary 
proceedings, the Secretary of the Board shall prepare a formal complaint. The 
formal complaint shall be styled:
BEFORE THE STATE BOARD OF EXAMINERS OF CERTIFIED COURTROOM 
INTERPRETERS
 
The State of Oklahoma ex rel. State Board
Of Examiners of 
Certified Courtroom Interpreters,
Complainant,
___________________ No.
v.
(Name of 
Accused),
Respondent,
COMPLAINT
b) The complaint shall state the specific facts constituting the alleged 
misconduct, whether prior misconduct has resulted in discipline, and whether 
prior investigations of misconduct are to be relied upon to enhance discipline. 
Any prior acts or conduct relied upon to enhance discipline shall be so stated 
and set forth by specific allegation of fact. The complaint shall be attested by 
the Chairman of the Board.
c) Should the complaint allege as grounds for discipline the final conviction 
of an interpreter, in any jurisdiction, of a criminal offense which indicates a 
clear and rational likelihood that the interpreter will not properly discharge 
his or her duties and responsibilities as a certified courtroom interpreter, 
there shall be attached thereto a certified copy of the indictment or 
information, and a certified copy of the judgment and sentence on a plea of 
guilty, order deferring judgment and sentence, or judgment and sentence of 
conviction. Such documents, regardless of the pendency of an appeal, shall 
constitute the charge and be conclusive evidence of the commission of the crime 
upon which the judgment is based and shall suffice as the basis for discipline 
in accordance with these rules. Thereafter, the issues in a formal proceeding 
shall be limited to whether the conviction demonstrates a clear and rational 
likelihood that the interpreter will not properly discharge his or her duties 
and responsibilities, and the nature and extent of discipline to be imposed.

 
 1) If an appeal is perfected from the judgment of conviction and such 
 judgment is reversed, the disciplinary proceedings based on such conviction 
 shall be dismissed immediately and the interpreter involved restored to 
 his/her former status.
 2) Conviction in a criminal proceeding is not a condition precedent to 
 the imposition of discipline. Nothing contained herein shall prevent the 
 Board from initiating and conducting formal disciplinary proceedings upon 
 charges identical to those set forth in a criminal complaint, indictment, or 
 information, notwithstanding the pendency or final disposition of the 
 criminal action.
d) The Secretary of the Board shall cause the complaint together with notice 
of a hearing before the Board thereon to be sent to the interpreter involved. 
The hearing before the Board shall be set no earlier than thirty (30) days from 
the date of mailing of the complaint and notice. The Chairman of the Board may, 
in his or her discretion, grant continuances for good cause known.
e) Upon receipt of sufficient evidence that an interpreter has engaged in 
conduct indicating that he or she is unfit to practice courtroom interpreting, 
and where such conduct poses an immediate threat of public harm, the Board may, 
in its discretion, request the Supreme Court to order the immediate interim 
suspension of that interpreter. In its order of interim suspension, the Court 
shall direct the interpreter to appear before the Board at a time certain, to 
show cause why the order of interim suspension should be set aside. Upon good 
cause shown, the Board may request the Court to set aside its order of interim 
suspension when it appears to be in the interest of justice to do so, with due 
regard being given to maintaining the integrity of and confidence in the 
courtroom interpreting profession.
f) Upon written request made not less than fifteen (15) days prior to the 
hearing date, the interpreter respondent shall be provided with a list of all 
witnesses the Board reasonably anticipates may be called to testify at the 
hearing and copies of all documentary evidence supporting the allegations of the 
complaint. These will be provided by Board, or by the Attorney General or an 
Assistant Attorney General, not less than ten (10) days prior to the hearing 
date. The interpreter respondent, not less than five (5) days prior to the 
hearing, shall submit a list of all witnesses the respondent anticipates may be 
called to testify at the hearing and all documentary evidence the interpreter 
intends to introduce as evidence in defense of the charges in the complaint or 
as to mitigation of discipline. The Board may in its discretion and for good 
cause shown modify the time limits herein imposed.
Rule 6. Disciplinary Hearings
a) The Board, under signature of the Chairman on behalf of the Board, 
shall have power to issue subpoenas to compel the attendance of witnesses on 
behalf of the State or the interpreter involved.
b) The Chairman shall preside over formal disciplinary hearings and, if 
necessary, rule on questions of procedure. Disciplinary hearings shall be 
conducted in an orderly manner, generally following the order of proceedings in 
civil matters. However, the formal rules of evidence and civil procedure shall 
not apply to disciplinary hearings before the Board. Any evidence offered on 
behalf of the complainant or the interpreter respondent shall be received and 
considered unless clearly irrelevant to the proceedings. The interpreter shall 
have the right to appear personally or through counsel, cross examine witnesses 
and present evidence on his/her own behalf. The Board or the respondent may 
request that a complete stenographic record of formal disciplinary hearings 
before the Board be kept. The complainant shall have the burden of persuasion on 
the material elements of the complaint. Hearings may be adjourned or continued 
to a date certain as the Board in its discretion shall decide.
c) All disciplinary proceedings before the Board shall be open to the public, 
except that the Board, when acting in its capacity as a quasi-judicial body, may 
close the meeting to the public for purposes of deliberations only. All votes of 
the Board regarding disciplinary matters shall be publicly cast and 
recorded.
d) The Board shall issue a written report with findings of fact and 
conclusions of law as applicable, and its recommendation to the Supreme Court 
for or against discipline. The written report of the Board shall reflect the 
votes of the members for or against the Board's recommendation. Disciplinary 
action against a Registered or Certified Courtroom Interpreter shall consist of 
either:
1) Suspension for a period of time up to one (1) year; or
2) Revocation of 
the enrollment of a Registered or Certified Courtroom Interpreter.
e) The Board shall issue its written report and recommendation within fifteen 
(15) days from the conclusion of the hearing. The written report and 
recommendation of the Board shall be immediately transmitted to the interpreter, 
by hand-delivery or by mailing it or sending it by third-party commercial 
carrier for delivery within three (3) calendar days. Proof of service shall be 
documented, and may be made by a certificate of mailing endorsed on the written 
report.
Rule 7. Transmittal of Recommendation and Review by Supreme Court
a) Within forty-five (45) days after the date of the hearing, the 
Board shall file with the Clerk of the Supreme Court the complete record of the 
proceedings, which shall consist of the following:
1) The complaint;
2) The Board's written report and recommendation for or 
against disciplinary action, and proof of service thereof;
3) All other 
pleadings, if any;
4) A transcript of the formal disciplinary hearing, if a 
stenographic recording was made; and
5) All exhibits offered at the 
hearing.
b) Unless ordered by the Supreme Court, a designation of record will not be 
required to accompany the materials filed by the Board. An extension of time for 
preparation of the record may be granted only by order of the Supreme Court, for 
good cause shown. The Secretary of the Board shall promptly notify the 
interpreter respondent and the complainant of the completion and transmittal of 
the record.
c) Either the complainant or the interpreter may, within twenty (20) days of 
receipt of notice of completion and transmittal of the record, file a 
brief-in-chief contesting the Board's recommendation or any part thereof. An 
answer brief may be filed within ten (10) days after the filing of 
brief-in-chief. A reply brief may be filed within five (5) days after filing of 
the answer brief.
d) After filing of briefs, if any, the report and recommendations of the 
Board shall stand submitted to the Supreme Court which may, in its sole 
discretion, adopt or reject such recommendations in whole or in part, remand 
with instructions, or make such other disposition as the Supreme Court may deem 
proper, with or without oral argument or formal written opinion. Either party 
aggrieved by the decision of the Supreme Court may make application for 
rehearing as provided by the Rules of the Supreme Court.
e) During the pendency of a formal disciplinary proceeding, if an interpreter 
allows his or her certificate to be administratively revoked for failure to 
satisfy renewal or continuing education requirements, such revocation shall be 
deemed to be equivalent to a resignation pending disciplinary proceeding as 
provided in Rule 8. Upon such revocation, the Board may elect to discontinue 
further action in the formal disciplinary proceeding. If the matter has been 
submitted to the Supreme Court, the Board shall file a notice with the Clerk of 
the Supreme Court advising of the administrative revocation.
Rule 8. Resignation Pending Disciplinary Proceedings
a) An interpreter who is the subject of an investigation or 
a pending disciplinary proceeding may resign from enrollment as a Registered or 
Certified Courtroom Interpreter, and thereby relinquish the right to engage in 
courtroom interpreting in this state, by delivering to the Board a signed 
affidavit stating that the interpreter desires to resign and that:

 
 1) The resignation is freely and voluntarily rendered, the interpreter is 
 not subject to coercion or duress, and the interpreter is fully aware of the 
 consequences of submitting the resignation;
2) The interpreter is aware 
 that there is presently pending an investigation into, or a proceeding 
 involving, allegations that there exist grounds for discipline, specifying 
 particularly the misconduct alleged; and
3) The interpreter understands 
 that no application for reinstatement may be filed prior to the lapse of 
 five (5) years from the effective date of the 
resignation.
b) Upon receipt of the required affidavit, the Board shall deliver it to the 
Chief Justice, or if a formal disciplinary proceeding case file has been opened, 
file it with the Clerk of the Supreme Court, and the Supreme Court may enter an 
order approving the resignation pending disciplinary proceedings. An interpreter 
who so resigns shall not be permitted to apply for reinstatement until five (5) 
years have lapsed from the effective date of the resignation, and subject to the 
requirements of Rule 9 of the Rules Governing Disciplinary Proceedings.
Rule 9. Reinstatement After Formal Disciplinary Proceedings
a) Any interpreter who, as a result of formal disciplinary 
proceedings, has been suspended by order of the Supreme Court for a period of 
one (1) year or less may apply to have his/her certificate reinstated without 
further proceedings before the Board by filing a verified application with the 
Secretary of the Board which shall state:

 
 1) That the term of the suspension as ordered by the decision of the 
 Supreme Court has expired;
2) That all costs of the formal disciplinary 
 proceedings, including transcript costs, as well as renewal fees, have been 
 paid by the applicant;
3) That there is not currently pending before the 
 Board any complaint of misconduct against the applicant, and;
4) That the 
 applicant has not engaged in the practice of court interpreting during the 
 term of suspension.
b) Any interpreter who, as a result of formal disciplinary proceedings, has 
had his/her enrollment revoked by order of the Supreme Court, or who resigned 
enrollment pending disciplinary proceedings pursuant to Rule 8, may seek 
reinstatement by filing a verified application with the Secretary of the Board 
which shall state:

 
 1) The applicant's current home and business address, together with a 
 narrative of his/her residence and employment history during the period of 
 revocation or resignation;
2) That the applicant has not, during the 
 period of his/her revocation or resignation, been finally convicted of a 
 criminal offense which indicates a clear and rational likelihood that the 
 interpreter will not properly discharge the responsibilities of a certified 
 courtroom interpreter;
3) The names of at least five (5) persons who will 
 testify as to the good moral character of the applicant;
4) That the 
 applicant has paid all costs of the disciplinary proceedings resulting in 
 his/her discipline or resignation, all renewal fees and/or penalty fees due 
 but unpaid at the time of revocation or resignation, and will pay all costs 
 attendant to processing of his/her application for reinstatement;
5) That 
 the applicant has not engaged in the practice of courtroom interpreting in 
 the Oklahoma courts during the term of revocation or resignation; and
6) 
 That the applicant continues to possess the necessary skills and 
 qualifications for practice in the profession by furnishing evidence that, 
 within the two (2) years prior to the application for reinstatement, the 
 applicant:
i) Has been actively certified in another state or federal 
 court and has regularly provided professional services as a courtroom 
 interpreter totaling no fewer than 120 hours interpreting in the courtroom 
 setting; or
ii) Has taken and successfully passed the 
 following:

 
 1) If applying for reinstatement as a Registered Courtroom Interpreter, 
 the NCSC Court Interpreter Written Examination and the foreign language 
 basic proficiency assessment, or
2) If applying for reinstatement as a 
 Certified Courtroom Interpreter, the NCSC Court Interpreter Oral 
 Examination.
c) No application for reinstatement shall be permitted after resignation 
pending investigation or disciplinary proceedings until five (5) years have 
lapsed from the effective date of the order of the Court accepting the 
resignation, nor shall any applicant be permitted to file an application for 
reinstatement within one (1) year after the Supreme Court has denied an earlier 
application.
d) Upon receipt of an application for reinstatement pursuant to paragraph b, 
the Secretary of the Board shall transmit copies of said application to all 
members of the Board, and shall cause said application to be set for hearing 
before the Board. Notice of hearing on the application shall be sent to the 
applicant and shall be published in the Oklahoma Bar Journal and in a newspaper 
of general circulation in the county of the residence of the applicant and, if 
different, also in the county of the applicant's residence at the time of 
his/her cancellation or revocation. The cost of such publication shall be 
included in the costs to be paid by the applicant. Said notice shall be 
published in one (1) issue of each such periodical and shall advise interested 
persons when and where the hearing will be conducted.
e) The Board shall conduct a full hearing on the reinstatement application in 
the same manner as in conducting hearings on formal disciplinary complaints. The 
Board shall make a written report with findings of fact and conclusions of law 
as applicable and its recommendation to the Supreme Court for or against 
reinstatement. The written report of the Board shall reflect the votes of the 
members for or against the Board's recommendation.
f) The written report and recommendation of the Board shall be immediately 
transmitted to the interpreter involved, by hand-delivery or by mailing it or 
sending it by third-party commercial carrier for delivery within three (3) 
calendar days. Proof of service shall be documented, and may be made by a 
certificate of mailing endorsed on the written report and recommendation.
g) Within forty-five (45) days after the date of the hearing, the Board shall 
deliver to the Chief Justice of the Supreme Court the complete record of the 
reinstatement proceedings, which shall consist of the following:
1) The reinstatement application and any attachments;
2) The Board's 
written report and recommendation for or against reinstatement, and proof of 
service thereof;
3) A transcript of the reinstatement hearing, if a 
stenographic recording was made; and
4) All exhibits offered at the 
hearing.
h) Unless ordered by the Chief Justice, a designation of record will not be 
required. An extension of time for preparation of the record may be granted only 
by order of the Chief Justice, for good cause shown. The Secretary of the Board 
shall promptly notify the interpreter applying for reinstatement of the 
completion and transmittal of the record.
i) After completion and transmittal of the record, the report and 
recommendations of the Board shall stand submitted to the Supreme Court which 
may, in its sole discretion, adopt or reject such recommendations in whole or in 
part, remand with instructions, request briefs from the parties, or make such 
other disposition as the Supreme Court may deem proper, with or without oral 
argument or formal written opinion. Either party aggrieved by the decision of 
the Supreme Court may make application for rehearing as provided by the Rules of 
the Supreme Court.
j) Material deletions or misrepresentations in an application for 
reinstatement, or any related proceedings, shall be grounds for rejection of the 
application and/or further discipline.
Rule 10. Reinstatement After Administrative Revocation
a) An interpreter who, due to failure to pay certificate renewal fees or 
obtain the required hours of continuing education, has had his/her enrollment 
administratively revoked for a period of one (1) year or less may apply to have 
his/her certificate reinstated without further proceedings before the Board by 
filing a verified application with the Secretary of the Board, and a copy 
thereof with the Clerk of the Supreme Court, which shall demonstrate:

 
 1) That the applicant has paid any certificate renewal fee, delinquent 
 payment fee, continuing education penalty fee, or continuing education 
 suspension fee that was accrued on the date of the administrative 
 revocation;
2) That there is not currently pending before the Board any 
 complaint of misconduct against the applicant;
3) That the applicant has 
 not engaged in the practice of courtroom interpreting in the Oklahoma courts 
 during the term of revocation, and;
4) That the applicant has paid a 
 reinstatement fee in an amount determined by the Board and approved by the 
 Supreme Court.
b) An interpreter who, due to failure to pay certificate renewal fees or 
obtain the required hours of continuing education, has had his/her enrollment 
administratively revoked for a period longer than one (1) year may apply to be 
reinstated without further proceedings before the Board by filing a verified 
application with the Secretary of the Board which shall demonstrate:

 
 1) That the applicant has paid any certificate renewal fee, delinquent 
 payment fee, continuing education penalty fee, or continuing education 
 suspension fee that was accrued on the date of the administrative 
 revocation;
2) That there is not currently pending before the Board any 
 complaint of misconduct against the applicant;
3) That the applicant has 
 not engaged in the practice of courtroom interpreting in the Oklahoma courts 
 during the term of revocation,
4) That the applicant has paid a 
 reinstatement fee in an amount determined by the Board and approved by the 
 Supreme Court; and
5) That the applicant continues to possess the 
 necessary skills and qualifications for practice in the profession by 
 furnishing evidence that, within twenty-four (24) months prior to the 
 application for reinstatement, the applicant:
 i) Has been certified in another state or federal court and has regularly 
 provided professional services as a courtroom interpreter totaling no fewer 
 than approximately 120 hours interpreting in the courtroom setting; 
 or
ii) Has taken and successfully passed the following:
1) If applying 
 for reinstatement as a Registered Courtroom Interpreter, the NCSC Court 
 Interpreter Written Examination and the foreign language basic proficiency 
 assessment, or
2) If applying for reinstatement as a Certified Courtroom 
 Interpreter, the NCSC Court Interpreter Oral 
Examination.
Rule 11. Immunity
The members of the Board, the Administrative Director of the Courts, the 
Administrative Office of the Courts, and their agents and employees who 
participate in the enforcement of these Rules and/or the administration of 
Oklahoma's Certified Courtroom Interpreter program, shall be considered as 
acting officially as an arm of the Supreme Court of the State of Oklahoma, and 
shall enjoy immunity from civil liability to the fullest extent recognized by 
federal and state law.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.